App. Div.]            Second Department, November, 1915.

George E. Loeffler and Henry Scheibel, as Executors, etc., Appellants, v. Henry Loeffler, Respondent.—Judgment affirmed, with costs. No opinion. Thomas, Mills, Rich and Putnam, JJ., concurred; Carr, J., dissented on authority of *Allen* v. *La Vaud* (213 N. Y. 322).

Carl A. Norman, Respondent, v. Atlantic Basin Iron Works, Appellant. — Judgment and order reversed and new trial granted, costs to abide the event, on the ground that the court erred in submitting to the jury the question whether the hack should have been used, inasmuch as the evidence shows that it was never used except when the iron was heated. Jenks, P. J., Thomas, Carr and Mills, JJ., concurred; Rich, J., voted to affirm.

Morris Solomon, an Infant, by David Solomon, His Guardian ad Litem, Appellant, v. Bottsford-Dickinson Company, Respondent. City of New York, Defendant.—Judgment unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Carr, Stapleton, Mills and Rich, JJ.

John H. Stoddard and Caswell W. Stoddard, Respondents, v. Martin Kelly and Nellie Kelly, Appellants. (Actions Nos. 1 and 3.) John H. Stoddard and Others, as Executors, etc., and Others, Respondents, v. Martin Kelly and Nellie Kelly, Appellants. (Actions Nos. 2 and 4.) — The ordinary rule to receive an occupant's declarations to characterize his possession and claim of title as adverse (*Morss* v. *Salisbury*, 48 N. Y. 636, 642; Wigm. Ev. § 1778; Chamberlayne Ev. § 2602), was specially applicable to declarations by James Kelly, deceased, because some fragmentary statements as to his original occupation had already been elicited by plaintiff's counsel. For excluding such testimony by the witness Hardcastle, the judgments must be severally reversed and new trials granted, costs to abide the event. Jenks, P. J., Carr, Stapleton, Mills and Putnam, JJ., concurred.

Town of North Hempstead, Respondent, v. Louise H. Leeds, Appellant. — Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs; trial changed to Kings county. While jurors, intelligent, conscientious and impartial, may be had in Nassau county, utterances in public prints and posters and the agitation resulting in the recent local election, with the wide interest in town litigations for recovery of shore frontage, make it safer to hold this trial in another county, wholly removed from any local feeling. Jenks, P. J., Carr, Stapleton, Mills and Putnam, JJ., concurred.

Barnett Davidson, Trading as Colonial Knitting Mills, Appellant, v. Valley Yarn and Woolen Company, Respondent.—Judgment and order affirmed, with costs. No opinion. Jenks, P. J., Carr, Stapleton, Mills and Putnam, JJ., concurred.

Fifi Ganim, Respondent, v. Beshara Ganim, Appellant.— Order modified by reducing the judgment so as to make the damages $132, instead of $500, without costs of this appeal to either party, upon the ground that the trial justice, upon the default, should have directed a verdict for only the sum of $132, instead of $500, the full amount of the undertaking, and as so modified affirmed. Jenks, P. J., Carr, Stapleton, Mills and Putnam, JJ., concurred.